IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PASCAL BOKAR THIAM, et al.,

    Plaintiffs,

v.

FILLMORE PROPERTIES, L.L.C., et al.,

    Defendants.

No. C 05-01874 JSW

**ORDER GRANTING DEFENDANTS' MOTION TO STAY**

Defendants' motion to stay is fully briefed and ripe for decision. The Court finds the motion suitable for disposition without oral argument. Civ. L.R. 7-1(b). Accordingly, the hearing set for December 16, 2005 is HEREBY VACATED. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby GRANTS Defendants' motion to stay.

In exceptional circumstances, district courts may stay or dismiss an action pursuant to the Colorado River Doctrine when there are concurrent state and federal proceedings involving the same matter. *Moses H. Cone Memorial Hosp. v. Mercury Center*, 460 U.S. 1, 14-15 (1983).[1] To determine whether to stay or dismiss a case, courts consider the following factors: "(1) whether either court has assumed jurisdiction over a *res*; (2) the relative convenience of the

---

[1] In arguing against the application of the *Colorado River* doctrine, Plaintiff asserts that federal courts have a "virtually unflagging obligation ... to exercise the jurisdiction given them." *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976). However, as the Ninth Circuit has explained, "[t]his somewhat overstates the law because in certain circumstances, a federal court may stay its proceedings in deference to pending state proceedings. This doctrine rests on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Nakash*, 882 F.2d at 1415 (quotations omitted).

forums; (3) the desirability of avoiding piecemeal litigation; ... (4) the order in which the forums obtained jurisdiction; ... (5) whether state or federal law controls and (6) whether the state proceeding is adequate to protect the parties' rights." *Nakash v. Marciano,* 882 F.2d 1411, 1415 (9th Cir.1989) (internal citations omitted). In the Ninth Circuit, courts should also consider whether the second suit is an "attempt to forum shop or avoid adverse rulings by the state court," as well as the threshold issue of whether the state and federal actions are "substantially similar." *Id*. at 1417. Courts must not apply the checklist mechanically, but rather, carefully balance the important factors as they apply in a given case, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone.*, 460 U.S. at 16.

The key dispute between the parties is whether the state and federal actions are substantially similar. As the Ninth Circuit has explained, "exact parallelism" between the two actions is not required. *Nakash*, 882 F.2d at 1416. Rather, it is adequate if the state and federal actions are "substantially similar." *Id*.

In *Nakash*, the federal action involved slightly different parties and similar, but not identical causes of action. The court found that the two actions were substantially similar. *Id*. The court reasoned that the disputes in both actions arose out of the same conduct. *Id*. Similarly, in *Silvaco Data Systems, Inc. v. Technology Modeling Associates, Inc.*, 896 F. Supp. 973, 976 (N.D. Cal. 1995), although the federal and state claims were not identical, they both arose out of the same dispute between two of the same parties. The court noted that the basis for the federal claims were encompassed within the state law claims as evidence. Moreover, the crux of the allegations were the same in both forums. *Id*. Thus, the court concluded that although the two matters did not raise identical factual or legal issues, the two actions were substantially similar so as to justify applying the *Colorado River* doctrine. *Id*.

Here, the two matters involve substantially the same parties. In the state action, Savanna Jazz L.L.C. ("Savana") sued four corporate entities – Fillmore Properties L.C.C. ("Fillmore"), Caboose Partners L.L.C. ("Caboose"), Zephyr Properties Corp. ("Zephyr"), and Laramar Communities L.L.C. ("Laramar"). In the federal action, Pascal Bokar Thiam formally joins Savana as a plaintiff. Thiam is the president, chief executive officer, board chairman, and

2

majority share holder of Savana, and the complaint in the state action repeatedly references Thiam.  The individual defendants added in the federal action are similarly related to the corporate defendants in the state action.  Jeffrey S. Elowe was the president of Laramar, and David Woodward was the chief executive officer of Laramar.  (Compl., ¶¶ 8-9.)  Steve Boyack was the General Manager of the Fillmore.  (*Id*., ¶ 12.)  Plaintiffs further allege that Bradford Karzen was co-conspirator and joint venturer with Elowe.  (*Id*., ¶ 11.)

The claims are also similar.  In the state action, Savana brings the same two state law claims for fraud (intentional misrepresentation of fact and promise made without intention to perform) based on the exact same allegations as in the federal action.  In the federal action, Plaintiffs also assert federal civil rights claims, but these claims are premised on the same interactions between the parties as the state law claims.  Essentially, Plaintiffs allege that Defendants refused to enter into a lease agreement with Plaintiffs based on race discrimination.  Although race discrimination is not an essential element in Plaintiffs' state law claims, Savana argued in the state court action that the reason Defendants initially promised, but then refused, to provide Savana a lease was because they discovered Thiam's race.  (Declaration of Brian V. Alcala, Ex. C.)  Savana attempted to add the civil rights claims to the state court action, but the court denied its motion to amend as moot after it granted Defendants summary judgment on the state law claims.  (*Id*., ¶¶ 16-17, Exs. G-H.)  Moreover, although Savana was not successful in adding the civil rights claims to the state court action, the court's denial of its motion to amend raises concerns of res judicata in the federal action.  Thus, the Court concludes that the two matters are substantially similar as to justify applying the *Colorado River* doctrine.

Considering the remaining factors, the balance tips strongly in favor of this Court issuing a stay.  Issuing a stay would avoid piecemeal litigation.  The state court action was filed first and has progressed substantially.  The trial court has already granted summary judgment against Savana, and Savana has appealed.  (*Id*., Ex. D.)  Plaintiffs did not even file the action in federal court until after the state court issued its order on the motion for summary judgment.  Thus, it appears as though Plaintiffs are forum shopping to avoid the state court's adverse ruling.  "[A]n

attempt to forum shop or avoid adverse rulings by the state court. ... weighs strongly in favor of abstention." *Nakash*, 882 F.2d 1411.

It is not yet clear whether the state proceeding will be adequate to protect the parties' rights. Although the trial court did not allow Savana to amend its complaint to include the civil rights claims, the appellate court could reverse that order. If the order denying the motion to amend is affirmed on appeal, the order may have a preclusive effect on Plaintiffs raising the civil rights claims in federal court. Even if the order is affirmed but does not preclude Plaintiffs from litigating those claims in this form, the Court will be able to adjudicate the civil rights claims after the state matter is fully resolved. Therefore, this factor does not weigh heavily, if at all, against issuing the stay.

The remaining factors are either irrelevant or do not tip the balance against issuing the stay. Accordingly, the Court concludes that issuing a stay would be proper. Defendants' motion is **HEREBY GRANTED**. The Court further ORDERS that the Case Management Conference set for December 16, 2005 is **VACATED**.

**IT IS SO ORDERED.**

Dated: December 9, 2005

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4